(No. 5025- )

ANN BIEL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1964.*

WOLFBERG AND KROLL, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant filed her claim herein seeking recovery for personal injuries suffered by her resulting from negli-

gence of the State of Illinois. Claimant alleges that the State negligently allowed and permitted a certain manhole cover, immediately adjacent to the curb line, to remain in such a state of disrepair, as to create a hazard in the street; and further alleges that this hazardous condition was one, which remained uncorrected for an extended period of time, and of which the State had both actual and constructive notice. Claimant further alleges that the State was in control of a certain public highway, known as 95th Street, in the Village of Evergreen Park, Illinois, and had the duty to maintain such highway in a reasonably safe condition; that claimant, while in the exercise of due care and caution for her own safety, fell into said hazard, and sustained numerous and serious personal injuries, for which she is attempting to recover from the State of Illinois.

The transcript of evidence discloses that, on the morning of the accident, July 18, 1961, claimant was walking in a westerly direction on 95th Street at or near 2600 W. 95th Street, Evergreen Park, Illinois, en route to her employment at Little Company of Mary Hospital, Evergreen Park, Illinois. An automobile, in which three of her co-workers were riding, stopped alongside of her to give her a ride to the hospital. As she stepped off of the curb for the purpose of entering the said automobile, her right foot went through the broken manhole cover, which was in the street adjacent to the curb. Several rungs and part of one rung of said manhole cover were missing. Claimant's right leg entered said manhole past her knee. Her left leg broke her fall into the manhole.

One witness, William Eiler, testified as to the condition of the manhole. He stated his address was 2644 W. 94th Street, Evergreen Park, Illinois, which is three to four blocks from where this occurrence took place. He

testified that the condition of the broken manhole cover existed in March or April of 1961, approximately 60 to 90 days before the accident. He stated that he had occasion to walk by this particular corner 2 or 3 times a week. He further testified that he had reported the broken manhole cover to the Evergreen Park Police.

Claimant contends that the State of Illinois was negligent in allowing a hazard, created by a broken manhole cover, to remain in the highway, and failing to warn of such hazard; and further contends that the State of Illinois had both actual and constructive knowledge of the hazard, which was created by the broken manhole cover. On the other hand, respondent contends that claimant failed to establish her claim by a preponderance of the evidence, and failed to exercise that degree of care, which befitted the circumstances, and should have seen the broken manhole cover, if she had properly exercised her faculty of sight.

The transcript contains no evidence that claimant was guilty of contributory negligence. Prior to the accident, claimant was walking along the street, and had no occasion to observe the condition of the curb or the guttering. Her attention was attracted by the sounding of the automobile horn of her friends, and she watched the car, as she waited for it to pull over to the curb to allow her to step in. Her action cannot be characterized as negligent.

Both parties agree that the State is not an insurer of all persons using the highways, and respondent does not deny that claimant suffered the injuries alleged, nor does respondent anywhere deny that the manhole cover was defective.

The question of negligence on the part of the State of Illinois in the maintenance of manhole covers is not

483

new to the Court of Claims. (*Couchot* vs. *State of Illinois*, 21 C.C.R. 157, and *Mayes* vs. *State of Illinois*, 23 C.C.R. 93.) There is no question of the duty of the State of Illinois to maintain the manhole cover in proper repair for the safety of persons and vehicles upon the highway. The evidence indicates that the State had constructive notice of the condition of the manhole cover for a period of time, so as to charge respondent with negligence in failing to maintain it. In cases where there is a defect, which was either known, or could have been ascertained by reasonable inspection, and which would cause damage to persons or property upon said highway, the State would be negligent.

Claimant suffered contusions, lacerations, ecchymosis and bruises over the lower right extremity in the area of the thigh, knee and right ankle. Medical testimony indicates some scarring of the right leg. There is some evidence of injury to the left extremity resulting in varicosity. Medicals introduced amount to $120.00.

An award is, therefore, entered in favor of claimant, Ann Biel, in the amount of $750.00.